IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HEWLETT,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES BANKRUPTCY COURT,<br><br>        Defendant.                             / | No. C 07-05532 CRB<br><br>**ORDER DENYING PETITION FOR WRIT OF MANDAMUS** |

      Patricia Hewlett petitions this Court for a writ of mandamus vacating the Bankruptcy Court's order mandating that Hewlett vacate the premises at 1385 Clay Street, Apartment 3 in San Francisco, California. The petition is DENIED.

      "The remedy of mandamus is a drastic one, to be involved only in extraordinary situations." Kerr v. United States District Court, 426 U.S. 394, 402 (1976). "[O]nly exceptional circumstances amounting to a judicial 'usurpation of power' will justify the invocation of this extraordinary remedy." Will v. United States, 389 U.S. 90, 95 (1967). Put simply, this case does not present the kind of "exceptional" or "extraordinary" situation that warrants mandamus relief.

      For a mandamus petition to be granted, the plaintiff must demonstrate that the lower court clearly erred as a matter of law. See Douglas v. United States District Court, 495 F.3d 1062, 1066 (9th Cir. 2007). In this case, mandamus is inappropriate because it is not at all

1  clear that the Bankruptcy Court erred when it ordered that Hewlett vacate the 1385 Clay
2  Street premises.
3       As at least one circuit court has concluded, § 363(f) of the Bankruptcy Code
4  authorizes bankruptcy courts to allow the sale of a debtor's property unencumbered by a
5  lessee's possessory interests, despite the terms of another section of the code, § 365(h),
6  which generally protects a lessee's rights upon rejection of a lease.  See Precision Indus., Inc.
7  v. Qualitech Steel SBQ, LLC, 327 F.3d 537 (7th Cir. 2003).  While the issue remains
8  unsettled in this circuit, the bankruptcy court's conclusion that it had authority to sell the
9  1385 Clay Street property free and clear of Hewlett's possessory interest cannot be deemed
10 "clearly erroneous."
11      Hewlett argues that the bankruptcy court clearly erred because she did not have proper
12 notice of the trustee's motion to remove her from the property.  As an initial matter, it is
13 unclear to this Court how Hewlett's attorney attended the hearing if he had not received
14 notice.  Regardless, local bankruptcy court rules provide that electronic notice, which was
15 indisputably sent to Hewlett's counsel, constitutes effective service of all notices governed
16 by Federal Rules of Bankruptcy Procedure 7005 and 9022.  See N. Dist. of Cal. Bankr. Ct.
17 L.R. 9013-3(c).  Perhaps Hewlett believes that Local Rule 9013-3(c) contravenes the federal
18 due process clause, but that is far from clear to this Court.
19      Hewlett also argues that the bankruptcy court's order was clearly erroneous because it
20 conflicts with local landlord/tenant law.  It is a well-established principle that pursuant to the
21 Supremacy Clause, federal law trumps state and municipal laws that "interfere with, or are
22 contrary to" it.  Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 211 (1824).  The notion that a
23 bankruptcy judge cannot act under a provision of the bankruptcy code because it would
24 conflict with San Francisco's Tenant's Rights Ordinance is a non-starter.
25 ///
26
27
28

2

1  Because Hewlett has not established that the bankruptcy court clearly erred as a matter
2  of law, the mandamus petition is DENIED.
3  **IT IS SO ORDERED.**



6  Dated: October 31, 2007    CHARLES  R. BREYER
   UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California

3