# EXHIBIT 2

Michael A. Isaacs, State Bar No. 99782
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-Mail:    misaacs@luce.com
           jfillerup@luce.com
           nle@luce.com

Attorneys for Appellee JANINA M. ELDER,
Chapter 11 Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAVIER RIVERA,<br><br>    Appellant,<br><br>v.<br><br>JANINA M. ELDER, Trustee,<br><br>    Appellee. | Case No. 07 CV 05882 SC<br><br>**NOTICE OF RELATED CASE (N.D. LOCAL RULE 3-13)** |

    Appellee Janina M. Elder, Chapter 11 Bankruptcy Trustee, hereby submits this Notice of Related Case pursuant to Northern District Local Rule 3-13, as follows:

    This is an appeal by appellant Javier Rivera from an order entered by United States Bankruptcy Judge Thomas E. Carlson on November 2, 2007 in a bankruptcy case captioned <u>In re Sophie Ng</u>, United States Bankruptcy Court, Case No. 06-30904TEC (the "Ng Bankruptcy"). In January, 2007, Patricia Hewlett filed a proof of claim in the Ng Bankruptcy claiming that various pre-bankruptcy-petition contracts entitled her to manage and operate a 24-unit apartment building in San Francisco (the "Property"). The Property was owned by Sophie Ng (the "Debtor") when the bankruptcy petition was filed, although Ms. Hewlett had operated the building, rented units in

1  the building, and received rents from tenants prior to the bankruptcy filing. The proof of claim
2  also alleged that Ms. Hewlett had the right to buy the Property for $3 million. The Property
3  became part of the bankruptcy estate when the bankruptcy petition was filed in September, 2006.

4  After Janina M. Elder (the "Trustee") was appointed the Chapter 11 bankruptcy trustee in
5  the Ng Bankruptcy, the Trustee filed an adversary proceeding against Ms. Hewlett alleging that
6  the contracts which were the basis of the proof of claim had been induced by fraud, breach of
7  fiduciary duty, and elder abuse. The adversary complaint also objected to Ms. Hewlett's proof of
8  claim.

9  The Trustee then filed a motion to sell the Property free and clear of liens and interests,
10 including the claim by Patricia Hewlett, pursuant to 11 U.S.C. Section 363(f). Bankruptcy Judge
11 Thomas E. Carlson granted the Trustee's motion and entered an order granting the motion on
12 August 20, 2007. This order allowed the Trustee to market and sell the Property. The order also
13 ordered Ms. Hewlett to cooperate with the Trustee's efforts to market and sell the Property. Ms.
14 Hewlett did not cooperate in the Trustee's efforts to sell the Property.

15 In September, 2007, the Trustee entered into a contract to sell the Property to A.J. Batt for
16 $4.6 million (the "Batt Contract"). A condition of the Batt Contract required that the Trustee
17 remove Ms. Hewlett from the Property because Ms. Hewlett claimed to reside in one of the
18 apartments (unit #3) on the Property. Judge Carlson approved the proposed sale to A.J. Batt and
19 allowed the Trustee to file a motion seeking the removal of Ms. Hewlett from the Property in
20 order to satisfy the condition in the Batt Contract. On September 19, 2007, the Trustee filed a
21 motion to remove Ms. Hewlett from the property. The Trustee's motion was heard on September
22 28, 2007, at which time Judge Carlson granted the motion and ordered Ms. Hewlett removed from
23 the Property, and a written order was entered on September 28, 2007.

24 After the September 28 hearing before Judge Carlson, in violation of the automatic
25 bankruptcy stay, Ms. Hewlett filed a complaint against the Trustee with the San Francisco Rent
26 Control Board (the "Board") claiming that Ms. Hewlett was a residential tenant in unit #3 and that
27 she had been wrongfully evicted. The Trustee filed a request for dismissal of the complaint
28 because (i) it violated the automatic stay, and (ii) the Bankruptcy Court had exclusive jurisdiction

1  over the Property because it was an asset of the bankruptcy estate. The Board granted the
2  Trustee's request and dismissed the complaint.

3  When Ms. Hewlett's complaint with the Board was unsuccessful, she caused her brother
4  (Javier Rivera) to take possession of unit #3, and he claimed to be a residential tenant in unit #3.
5  The Trustee demanded that Mr. Rivera vacate unit #3, and he refused. Mr. Batt refused to close
6  on the Batt Sale while Mr. Rivera continued to occupy unit #3. Judge Carlson allowed the Trustee
7  to depose Mr. Rivera about his claim to be a residential tenant in unit # 3. Mr. Rivera testified
8  that he had never slept in unit #3 until just a few weeks before the deposition, and when he was
9  cross-examined further during the deposition about his claim to have lived in unit #3 for several
10 years, he refused to answer any further questions based upon the Fifth Amendment right against
11 self incrimination. The deposition could not be concluded because of Mr. Rivera's repeated
12 assertions of the Fifth Amendment and refusal to answer questions.

13 The Trustee sought an order shortening time for a motion to remove Mr. Rivera from the
14 Property, which was granted, and Judge Carlson heard the Trustee's motion on November 2, 2007.
15 Judge Carlson granted the Trustee's motion and entered an order on November 2, 2007 removing
16 Mr. Rivera from the Property that day. The Trustee was then able to close on the Batt Sale, and
17 the sale of the Property to Mr. Batt has been concluded.

18 Ms. Hewlett did not file a timely notice of appeal of the September 28, 2007 order, so on
19 October 28, 2007, she filed a new action in the United States District Court for the Northern
20 District of California, which is captioned <u>Patricia Hewlett v. United States Bankruptcy Court</u>,
21 Case No. C07-05532CRB (the "Mandamus Action"). Ms. Hewlett sought a writ of mandamus
22 ordering the Bankruptcy Court to vacate the September 28, 2007 order removing Ms. Hewlett
23 from the Property. Ms. Hewlett claimed in the Mandamus Action that she did not have adequate
24 notice of the motion to remove her from the Property and the order was erroneous. The
25 Mandamus Action was assigned to Judge Breyer. Judge Breyer denied Ms. Hewlett's petition for
26 a writ of mandamus.

27 On November 5, 2007, Mr. Rivera filed a notice of appeal and this appeal was assigned to
28 Judge Samuel Conti on November 20, 2007. Mr. Rivera's appeal claims that he was improperly

1. removed from the Property and the order removing him was erroneous, which is related to the arguments made to Judge Breyer in the Mandamus Action.

This appeal is related to the previously-filed Mandamus Action, so the Trustee requests that this case be re-assigned to Judge Breyer.

On November 5, 2007, Ms. Hewlett filed a notice of appeal of Judge Carlson's September 28, 2007 order removing her from the Property. That appeal was assigned to Judge Martin J. Jenkins on November 20, 2007. The Trustee has filed a Notice of Related Case in that appeal, requesting that that appeal also be re-assigned to Judge Breyer.

DATED: November 29, 2007         LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: _____
Jeffrey L. Fillerup
Attorneys for Appellee JANINA M. ELDER,
Chapter 11 Trustee

301022734.1

| | |
|---|---|
| 1 | Michael A. Isaacs, State Bar No. 99782 |
| 2 | Jeffrey L. Fillerup, State Bar No. 120543 |
|   | Nhung Le, State Bar No. 209552 |
| 3 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP |
|   | Rincon Center II, 121 Spear Street, Suite 200 |
| 4 | San Francisco, California 94105-1582 |
|   | Telephone No.: 415.356.4600 |
| 5 | Fax No.: 415.356.4610 |
|   | E-Mail:  misaacs@luce.com |
| 6 |          jfillerup@luce.com |
| 7 |          nle@luce.com |
| 8 | Attorneys for Appellee JANINA M. ELDER, Chapter 11 Trustee |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JAVIER RIVERA, | Case No. 07 CV 05882 SC |
| Appellant, | **CERTIFICATE OF SERVICE** |
| v. | |
| JANINA M. ELDER, Trustee, | |
| Appellee. | |

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is Rincon Center II, 121 Spear Street, Suite 200, San Francisco, California 94105-1582.

On November 29, 2007, I served true copies of the following document(s) described as

**NOTICE OF RELATED CASE (N.D. LOCAL RULE 3-13)**

[X]  **BY MAIL**: By placing a true copy in an envelope addressed as shown to the parties below. I am familiar with Luce, Forward, Hamilton & Scripps LLP's practice whereby each document is placed in an envelope, the envelope is sealed, the appropriate postage is placed thereon and the sealed envelope is placed in the office mail receptacle. Each day the mail is collected and deposited in a United States postal mailbox at or before the close of business each day.

[X]  **ELECTRONIC TRANSMISSION**: I declare that a copy of said document(s) was filed electronically on the above date through the ECF system for the United States Bankruptcy Court, Northern District of California and to the best of my knowledge notice of this filing will be transmitted to all parties through the Court's ECF system.

James Attridge, Esq.
1390 Market Street, Suite 1204
San Francisco, CA  94102-5306
Phone 415-552-3188
Facsimile 415.522.0513
*Attorney for Defendant Patricia Hewlett*

Javier Rivera
2330 Geary Blvd
San Francisco, CA  94115

[X]  **FEDERAL**: I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 29, 2007, at San Francisco, California.

*Cheryl Cormier* (signature)
Cheryl Cormier

301022741.1