Michael A. Isaacs, State Bar No. 99782
Jeffrey L. Fillerup, State Bar No. 120543
Nhung Le, State Bar No. 209552
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-Mail:    misaacs@luce.com
           jfillerup@luce.com
           nle@luce.com

Attorneys for JANINA M. ELDER,
Chapter 11 Trustee (Real Party in Interest)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA HEWLETT,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES BANKRUPTCY COURT,<br><br>        Respondent. | Case No. 07 CV 05532 CRB<br><br>**MEMORANDUM IN SUPPORT OF ADMINISTRATIVE MOTION TO RELATE CASES (N.D. LOCAL RULES 3-12, 7-11)**<br><br>[No Hearing Date] |

Janina M. Elder, Chapter 11 Bankruptcy Trustee (Real Party in Interest), hereby submits this Memorandum in Support of Administrative Motion to Relate Cases pursuant to N.D. Local Rules 3-12 and 7-11, as follows:

SUMMARY OF THE TRUSTEE'S ADMINISTRATIVE MOTION

In this case, Petitioner Patricia Hewlett seeks a writ of mandamus relating to an order entered by United States Bankruptcy Judge Thomas E. Carlson on September 28, 2007 in a bankruptcy case captioned In re Sophie Ng, United States Bankruptcy Court, N.D. Cal., Case No. 06-30904 TEC (the "Ng Bankruptcy"). Ms. Hewlett's writ petition was assigned to Judge Breyer, and on October 31, 2007, Judge Breyer issued an order denying the writ petition. A few days later,

Patricia Hewlett filed a notice of appeal in this court appealing the same September 28, 2007 order, and Ms. Hewlett's appeal was assigned to Judge Martin J. Jenkins as Case No. 07-CV-05883MJJ. This administrative motion seeks an order re-assigning Case No. 07-CV-05883MJJ to Judge Breyer because the original writ petition and the appeal are related cases pursuant to N.D. Local Rule 3-12(a)(1).

BACKGROUND FACTS

In January, 2007, Patricia Hewlett filed a proof of claim in the Ng Bankruptcy claiming that various pre-bankruptcy-petition contracts entitled her to manage and operate a 24-unit apartment building located at 1385 Clay Street in San Francisco (the "Property"). The Property had been owned by Sophie Ng (the "Debtor") at the time the bankruptcy petition was filed, although Ms. Hewlett had operated the building, rented units in the building, and received rents from tenants prior to the bankruptcy filing. Ms. Hewlett's proof of claim also alleged that Ms. Hewlett had the right to buy the Property for $3 million. The Property became part of the bankruptcy estate when the bankruptcy petition was filed in September, 2006.

After Janina M. Elder (the "Trustee") was appointed the Chapter 11 bankruptcy trustee in the Ng Bankruptcy, the Trustee filed an adversary proceeding against Ms. Hewlett, alleging that the contracts which were the basis of the proof of claim had been induced by fraud, breach of fiduciary duty, and elder abuse. The adversary complaint also objected to Ms. Hewlett's proof of claim. The Trustee took the position that Ms. Hewlett did not have the right to buy the Clay Property.

The Trustee then filed a motion to sell the Property free and clear of liens and interests, including the claim by Patricia Hewlett, pursuant to 11 U.S.C. Section 363(f). Bankruptcy Judge Thomas E. Carlson granted the Trustee's motion and entered an order granting the motion on August 20, 2007, subject to Ms. Hewlett asserting a claim for money damages based on her proof of claim. The 363(f) order allowed the Trustee to market and sell the Property. The order also ordered Ms. Hewlett to cooperate with the Trustee's efforts to market and sell the Property. Ms. Hewlett did not cooperate in the Trustee's efforts to sell the Property.

In September, 2007, the Trustee entered into a contract to sell the Property to A.J. Batt for

1  $4.6 million (the "Batt Contract"). A condition of the Batt Contract required that the Trustee
2  remove Ms. Hewlett from the Property because Ms. Hewlett claimed to reside in one of the
3  apartments (unit #3) on the Property. Judge Carlson approved the proposed sale to A.J. Batt and
4  allowed the Trustee to file a motion seeking the removal of Ms. Hewlett from the Property in
5  order to satisfy the condition in the Batt Contract. On September 19, 2007, the Trustee filed a
6  motion to remove Ms. Hewlett from the property. The Trustee's motion was heard on September
7  28, 2007, at which time Judge Carlson granted the motion and ordered Ms. Hewlett removed from
8  the Property, and a written order was entered on September 28, 2007 (the "September 28 Order").

9  After the September 28 Order was issued, Ms. Hewlett filed a complaint against the
10 Trustee with the San Francisco Rent Control Board (the "Board") claiming that Ms. Hewlett was
11 a residential tenant in unit #3 and that she had been wrongfully evicted. The Trustee filed a request
12 for dismissal of the complaint with the Board, on two grounds: (1) Ms. Hewlett's complaint
13 violated the automatic bankruptcy stay, and (ii) the Bankruptcy Court had exclusive jurisdiction
14 over the Property because it was an asset of the bankruptcy estate. The Board granted the
15 Trustee's request and dismissed the complaint.

16 When Ms. Hewlett's complaint with the Board was unsuccessful, she caused her brother
17 (Javier Rivera) to take possession of unit #3, and Mr. Rivera claimed to be a residential tenant in
18 unit #3. The Trustee demanded that Mr. Rivera vacate unit #3, and he refused. Mr. Batt refused to
19 close on the Batt Sale while Mr. Rivera continued to occupy unit #3. Judge Carlson allowed the
20 Trustee to depose Mr. Rivera about his claim to be a residential tenant in unit #3. Mr. Rivera
21 testified that he had never slept in unit #3 until just a few weeks before the deposition, and when
22 he was cross-examined further during the deposition about his claim to have lived in unit #3 for
23 several years, he refused to answer any further questions based upon the Fifth Amendment right
24 against self incrimination. The deposition could not be completed because of Mr. Rivera's
25 repeated assertions of the Fifth Amendment and refusal to answer questions.

26 The Trustee then sought an order shortening time for a motion to remove Mr. Rivera from
27 the Property, which was granted, and Judge Carlson heard the Trustee's motion on November 2,
28 2007. Judge Carlson granted the Trustee's motion and entered an order on November 2, 2007

1  removing Mr. Rivera from the Property that day (the "November 2 Order").  The Trustee was then
2  able to close on the Batt Sale, and the sale of the Property to Mr. Batt closed on November 16,
3  2007.

4       Ms. Hewlett did not file a notice of appeal of the September 28 Order, but instead she
5  filed the petition for a writ of mandamus in this court, which is this case, <u>Patricia Hewlett v.</u>
6  <u>United States Bankruptcy Court</u>, Case No. C07-05532CRB (the "Mandamus Action").  Ms.
7  Hewlett sought a writ of mandamus ordering the Bankruptcy Court to vacate the September 28
8  Order on the alleged ground that her lawyer did not have adequate notice of the September 28,
9  2007 hearing.  The Mandamus Action was assigned to Judge Breyer, and he denied the petition on
10 October 31, 2007.

11      On November 5, 2007, Ms. Hewlett filed a notice of appeal in this court, and that appeal is
12 captioned <u>Patricia Hewlett v. Janina M. Elder,</u> Case No. 07-CV-05883MJJ.   The appeal was
13 assigned to Judge Martin J. Jenkins on November 20, 2007.  Ms. Hewlett's appeal alleges that her
14 lawyer did not have adequate notice of the hearing of the Trustee's motion to remove her from the
15 Property on September 28, 2007.

16      On November 5, 2007, Mr. Rivera filed a notice of appeal of Judge Carlson's November 2
17 Order, and that appeal is captioned <u>Javier Rivera v. Janina M. Elder,</u> Case No. 07-CV-05882JSW.
18 That appeal was originally assigned to Judge Samuel Conti on November 20, 2007, and on
19 November 30, 2007 the case was re-assigned to Judge Jeffrey S. White. On December 4, 2007,
20 Mr. Rivera and the Trustee filed a stipulation for the dismissal of Mr. Rivera's appeal with
21 prejudice, and the parties expect that the appeal by Mr. Rivera will be dismissed shortly.

22 <u>THE MANDAMUS ACTION AND CASE NO. 07-CV-05883MJJ ARE RELATED</u>

23      According to N.D. Local Rule 3-12(a)(1) an action is related to another action when the
24 "actions concern substantially the same parties, property, transaction or event." In this case, the
25 Mandamus Action and the Appeal both involve the same September 28 Order issued by Judge
26 Carlson ordering Ms. Hewlett's removal from the Property so that the Property could be sold
27 under Section 363(f). They both involve the same parties: Patricia Hewlett and the Trustee.  They
28 both involve the same property:  the 1385 Clay Street apartment building. They both involve the

same series of transactions: Ms. Hewlett's proof of claim relating to the Clay Property, the Trustee's objection to the proof of claim, the Trustee's effort to sell the Clay property under Section 363(f), the proposed sale of the Property under the Batt Contract, Ms. Hewlett's removal from the Clay Property, and the closing of the sale to Mr. Batt.

Both the Mandamus Action and the appeal claim that the September 28 Order should be overruled because of the allegation that Ms. Hewlett's lawyer did not have sufficient notice of the hearing of the motion, and the order was in error. In light of the fact that the Mandamus Action and the appeal are "related" cases, the Trustee requests that the appeal (Case No. 07-CV-05883MJJ) be re-assigned to Judge Breyer who had been assigned the first-filed-case (the Mandamus Action), pursuant to N.D. Local Rule 3-12(f).

DATED: December 5, 2007          LUCE, FORWARD, HAMILTON & SCRIPPS LLP

By: /s/Jeffrey L. Fillerup, Esq., CSBN 120543
    Jeffrey L. Fillerup
    Attorneys for JANINA M. ELDER,
    Chapter 11 Trustee (Real Party in Interest)

301023196.1